```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

CHARLES JONES, JR.                          CIVIL ACTION

        Plaintiff,

                                            NO: 14-2412
VERSUS


THE NEW ORLEANS PUBLIC BELT                 SECTION: R(3)
RAILROAD

        Defendant.
```

## ORDER AND REASONS

Before the Court is defendant New Orleans Public Belt Railroad's unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] The Court grants defendant's motion because plaintiff has failed to plead sufficient facts to make out a *Monell* claim against the municipal defendant.

### I. Background

Plaintiff Charles Jones, Jr. filed this suit in Louisiana state court against defendant, the New Orleans Public Belt Railroad, asserting a claim of racial discrimination under 42 U.S.C. § 1981. In his petition, plaintiff alleges that defendant hired him in 2007 to work as a "switchman."[2] Plaintiff further alleges that his July 2011 termination for an alleged "shoving movement" procedure violation was a pretext for racial

---

[1] R. Doc. 11.

[2] R. Doc. 1-1 at 1.

discrimination.[3] More specifically, plaintiff contends that "other white employees committed the same violation and/or more serious violations and were given less serious disciplinary actions."[4] To support this contention, plaintiff provides three examples of occasions in which white employees were not terminated for wrecking company vehicles or for being involved with a work-site injury.[5]

Defendant removed the action to federal court and now moves to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6).

## II.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as

---

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**III. Analysis**

Plaintiff's complaint fails to state a claim. As an initial matter, plaintiff's complaint relies exclusively on 42 U.S.C. § 1981, which does not provide a cause of action for claims against government entities. *Washington v. City of Gulfport*, 351 F. App'x 916, 918-19 (5th Cir. 2009). Instead, 42 U.S.C. § 1983 provides the exclusive federal remedy for vindicating rights guaranteed by section 1981 when asserted against state actors. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). The New Orleans Public Belt Railroad is a local government unit. *See In re Katrina Canal Breaches Consol. Litig.*, CIV. A. No. 05-4182, 2008 WL 659467,

at *3 (E.D. La. Mar. 5, 2008) (defining the New Orleans Public Belt Railroad as a "legislatively created political subdivision of the state"); *Cooper v. Public Belt Railroad*, 886 So.2d 531, 537 (La. App. 4th Cir. 2004) ("[T]he Supreme Court would likewise consider the Public Belt [Railroad] to be a local government unit . . ."). Plaintiff's complaint concedes as much when it describes defendant as a "legislatively created political subdivision of the State of Louisiana."[6]  Thus, plaintiff's claim for racial discrimination against defendant, a local government unit, is not cognizable under 42 U.S.C. § 1981. *Oden v. Oktibbeha County*, 246 F.3d 458, 464 (5th Cir. 2001) (holding that plaintiffs cannot maintain independent causes of action under § 1981 against government entities); *O'Reilly v. Louisiana Dept. of Educ.*, CIV. A. No. 11-1454, 2013 WL 3270443, at *8 (E.D. La. June 26, 2013) (dismissing § 1981 claim asserted against local government unit).

More importantly, even if plaintiff had properly styled his claim under 42 U.S.C. § 1983, plaintiff fails to plead that the alleged racial discrimination resulted from defendant's official policy or custom.  It is well-settled that a municipality or local government unit cannot be held liable under a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, plaintiffs must "satisfy the 'custom or policy' test fashioned for suits against a municipality under § 1983."

---

[6] *Id.* at 1.

*Evans v. City of Houston*, 246 F.3d 344, 358 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91). In order to hold a municipality or local government unit liable under Section 1983, "a plaintiff must initially allege than an official policy or custom was a cause in fact of the deprivation of rights inflicted." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). *See also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("[M]unicipal liability under section 1983 requires proof of three elements: a policymaker, an official policy, and a violation of [federal] rights whose 'moving force' is the policy or custom.").

Plaintiff's complaint is devoid of any reference to an official custom or policy that served as the moving force behind the alleged racial discrimination. Plaintiff's only allegation is that "other white employees committed the same violation and/or more serious violations and were given less serious disciplinary actions."[7] Plaintiff supports this assertion by providing two examples where white employees allegedly wrecked company vehicles and one occasion where a "white employee was injured on the job and none of the three employees involved were charged or terminated."[8] These allegations, even if true, are insufficient; plaintiff "must identify the policy or custom which allegedly caused the

---

[7] *Id.* at 2.

[8] *Id.*

5

deprivation" of his federal rights. *Zara v. Strain*, CIV. A. No. 09-3919, 2011 WL 723409, at *2 (E.D. La. Feb. 22, 2011). Because plaintiff does not allege that an official custom or policy was a cause in fact of the alleged race-based termination, plaintiff's claim must be dismissed. *See, e.g., Simmons v. Mesquite Indep. Sch. Dist.*, CIV. A. No. 3:03-CV-2665, 2004 WL 1171189, at *5 (N.D. Tex. May 26, 2004) ("Because plaintiffs fail to allege that they were damaged by the action of an official policymaker or defendant's policy, practice, or custom, plaintiffs have failed to state a claim under § 1983."); *Richardson v. Sewerage & Water Bd.*, CIV. A. No. 95-3033, 1996 WL 288275, at *3 (E.D. La. May 30, 1996) (dismissing claim against New Orleans Sewerage and Water Board, a legislatively created political subdivision of Louisiana, because plaintiff failed to identify an official policy or custom).

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff's claim is dismissed without prejudice. Plaintiff will be allowed twenty-one (21) days from the date of this order to amend his complaint. Failure to timely amend the complaint will result in dismissal of the claim with prejudice.

New Orleans, Louisiana, this 26th day of January, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE