```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

CHARLES JONES, JR.                          CIVIL ACTION

       Plaintiff,

                                        NO: 14-2412

VERSUS

THE NEW ORLEANS PUBLIC BELT                 SECTION: R(3)
RAILROAD

       Defendant.

## ORDER AND REASONS

Before the Court is defendant New Orleans Public Belt Railroad's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] The Court grants defendant's motion because plaintiff's 42 U.S.C. § 1983 claim has prescribed.

### I. Background

On July 11, 2014, plaintiff Charles Jones, Jr. filed this suit in Louisiana state court against defendant asserting a claim of racial discrimination under 42 U.S.C. § 1983.[2] In his petition, plaintiff alleges that defendant hired him in 2007 to work as a "switchman."[3] Plaintiff further alleges that defendant fired him from this position on July 1, 2011, and that the reason for his termination--a "shoving movement" procedure violation--was a

---

[1] R. Doc. 11.

[2] R. Doc. 1-1.

[3] *Id.* at 1.

pretext for racial discrimination.[4]

Defendant removed the action to federal court and now moves to dismiss plaintiff's claim as prescribed.

**II. Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the

---

[4] R. Doc. 13 at 1.

plaintiff's claim.  *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555.

**III. Analysis**

Although 42 U.S.C. § 1983 does not provide a statute of limitations, the Supreme Court requires courts to apply the limitations period that is applicable to similar claims under state law.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Thus, the statute of limitations for a Section 1983 claim "is the same as the statute of limitations in a personal injury action in the state in which the claim accrues."  *Victorian v. Cooper*, 538 F. App'x 570, 571 (5th Cir. 2013).  In Louisiana, plaintiffs have one-year from the date they become aware of their injury to bring a Section 1983 claim.  *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) ("Accordingly, Louisiana's one-year statute of limitations period for personal-injury action applies to [plaintiff's Section 1983] claim."); *Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 675 (E.D. La. 2007) ("Under the applicable standard for . . . Section 1983 claims, the limitations period begins to run 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))).

3

Plaintiff's complaint alleges that his July 1, 2011 termination from defendant's employment was based on race.[5] Accepting this allegation as true, plaintiff's Section 1983 claim prescribed one-year later on July 1, 2012. *See Butler v. Orleans Parish Sch. Bd.*, Civ. A. No. 00-0845, 2001 WL 1135616, at *3 (E.D. La. Sept. 25, 2001) (plaintiff's Section 1983 claim prescribed one-year after the adverse employment action). Because plaintiff did not file this action until July 11, 2014, his Section 1983 claim has prescribed. Plaintiff does not offer any argument in opposition.[6] The Court therefore dismisses plaintiff's Section 1983 claim as prescribed.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff's claim is hereby dismissed with prejudice.

New Orleans, Louisiana, this 14th day of May, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] *Id.* at 1.

[6] R. Doc. 17.